IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN MICHAEL COHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:25-CV-00742-RAH |
| | ) |
| JASON L. CALHOUN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# **ORDER**

On June 10, 2025, pro se Plaintiff John Michael Cohan[1] filed this lawsuit over real property located in Chilton County, Alabama. That real property is the subject of two ongoing state court legal proceedings: (1) *In re Estate of MIMS-IPR, LLC*, Probate Court of Chilton County, Alabama, Case No. 25-77 (Judge Jason Calhoun presiding), and (2) *MIMS-IPR, LLC v. Genie Investments, LLC, Tenant First Homes, David Hughes, John Michael Cohan, et al.*, Circuit Court of Chilton County, Alabama, Case No. CV-2025-900132.00 (Judge Joy Booth presiding). In his federal Complaint, Cohan originally sued Judge Calhoun, in his official capacity as probate judge, the Chilton County Commission, and the Chilton County Probate Court for alleged civil rights violations concerning the probate court proceedings involving the subject property. On October 14, 2025, Cohan filed an Amended Complaint (*see*

---

[1] Cohan identifies himself as "John Michael Cohan, without prejudice, without recourse, 1-308, 1-103." Cohan's dispute concerns UCC-1 statements and other documents recorded against the subject property. The probate matter was initiated by MIMS-IPR LLC, in part, in an effort to clear the title of the property from Cohan's filings. At first blush, the nature of the legal proceedings contain filings suggestive of legal matters synonymous with sovereign citizen filings.

doc. 54), which maintained his claims against Judge Calhoun but dropped the Chilton County Commission and the Chilton County Probate Court as defendants. Judge Calhoun has moved to dismiss the claims in the Amended Complaint against him. (*See* doc. 57.)

On December 16, 2025, the Magistrate Judge recommended (*see* doc. 69) that Judge Calhoun's motion be granted and this action dismissed. In particular, the Magistrate Judge concluded that the Amended Complaint failed to adequately plead that Cohan has a constitutionally protected property interest for purposes of the Fourteenth Amendment and § 1983, that Cohan has failed to show that he has a liberty or property interest as defined by state law, that Cohan has failed to allege a plausible civil conspiracy claim under § 1983, that this Court does not have subject matter jurisdiction to review Cohan's declaratory judgment claim, and that Cohan has not pleaded enough information in support of his retaliation claim. The Magistrate Judge declined to address Judge Calhoun's immunity assertions, finding that it was unnecessary given the other reasons for dismissal.

On January 5, 2026, Cohan filed a motion for leave to file an amended complaint. (*See* doc. 70.) The motion purported to address the Magistrate Judge's recommendation and to add new parties (Mitchell Mims, MIMS-IPR, LLC, Loan Funder LLC Series 30574, and Trinity Episcopal Church). The motion did not attach a proposed second amended complaint, but it stated that it intended to incorporate by reference the Amended Complaint. The motion also raised allegations that Judge Calhoun has aided and abetted MIMS-IPR, LLC, Loan Funder LLC and its agents in terminating Cohan's UCC lien against the subject property, has improperly docketed and manipulated the AlaFile system, has issued vague and non-transparent orders in the probate matter, and has systematically denied Cohan's requests for remote hearings. Cohan also asserts a civil RICO claim (18 U.S.C. § 1962) based

on an alleged pattern of racketeering activity involving multiple courts and financial institutions, and supplemental state law claims for fraud and tortious interference.

Cohan filed an objection to the Magistrate Judge's Recommendation on January 5, 2026. (*See* doc. 73.) Cohan also filed a *Motion for Leave to Proceed In Forma Pauperis And Request For Service By United States Marshals*. (*See* doc. 71.) In it, he seeks an order requiring the United States Marshals Service to serve his proposed Second Amended Complaint.

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *Id.*

The Court has conducted an independent and *de novo* review of the record, including the pertinent case law, and concludes the Magistrate Judge did not err. The Amended Complaint does not state a plausible claim against Judge Calhoun, and this Court lacks subject matter jurisdiction.

Also, while the Magistrate Judge declined to address it, the allegations in the Amended Complaint demonstrate that Judge Calhoun is entitled to judicial immunity. The doctrine of judicial immunity bars state and federal claims for damages against a judicial officer for actions taken in his judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991) ("[G]enerally, a judge is immune from a suit for money

damages."); *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) ("Judges are absolutely immune from civil liability under Section 1983 for acts performed in their judicial capacity[.]"). Judicial immunity, however, is not a complete bar to declaratory relief or "prospective injunctive relief against a judicial officer acting in his or her judicial capacity." *Pulliam v. Allen,* 466 U.S. 522, 541–42 (1984); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam). But in an action against a judicial officer for acts taken in that role, injunctive relief may be granted only if "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In addition, there must be an "absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242 ("In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Further, judicial immunity attaches and protects a judicial officer from suit for "acts within the jurisdiction of the judicial officer . . . even where the officer acts in error, maliciously, or in excess of his authority." *Almon v. Gibbs*, 545 So. 2d 18 (Ala. 1989) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)); *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983).

    Cohan complains of acts that stem from Judge Calhoun's actions in carrying out the duties associated with his judicial office as the probate judge for Chilton County and in presiding over a dispute involving Cohan and certain real property. Cohan complains that Judge Calhoun's decisions, rulings, and management of the case violate his constitutional rights. These decisions and actions are an integral part of the judicial process. As such, Judge Calhoun has judicial immunity for the actions for which Cohan seeks monetary damages. *See Mireles*, 502 U.S. at 9.

    And to the extent Cohan seeks declaratory and injunctive relief, such relief is subject to absolute immunity because the allegations in the Amended Complaint do not show "a violation, that there is a serious risk of continuing irreparable injury if

4

the relief is not granted, and the absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242. Even if Judge Calhoun incorrectly managed the probate case or erred in his decisions, Cohan has a legal remedy through Alabama's judicial appellate process, including an appeal to the Circuit Court of Chilton County, Alabama, or if necessary, to the Alabama Supreme Court. *See* Ala. Code § 12-22-20, et seq. Thus, Judge Calhoun's judicial immunity also extends to Cohan's claims of declaratory and injunctive relief. *See* 42 U.S.C. § 1983; *Bolin*, 225 F.3d at 1242.

And further, Cohan's allegations against Judge Calhoun concern and relate to ongoing state court proceedings, which Cohan appears to be collaterally attacking in this proceeding. As this Court is obligated to examine its jurisdiction sua sponte, the Court finds that Cohan's allegations are barred by the *Younger* and *Rooker-Feldman* abstention doctrines.

Under the *Rooker–Feldman* abstention doctrine, a federal court does not have the power to review the final judgment of a state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) (describing the *Rooker–Feldman* doctrine as prohibiting "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments"); *Biddulph v. Mortham,* 89 F.3d 1491, 1495 n.1 (11th Cir. 1996) ("The existence of this state court ruling calls our subject matter jurisdiction into question under the *Rooker–Feldman* abstention doctrine."). Similarly, under the *Younger* abstention doctrine, federal courts will not interfere with certain state civil proceedings, including "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Spring Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013).

Cohan's Amended Complaint and related filings make clear that he asks this Court to overturn Judge Calhoun's decisions in the probate case. He also appears to

seek monetary damages and declaratory relief arising out of Judge Calhoun's decisions. Such claims are barred by the *Rooker–Feldman* abstention doctrine.

Further, Cohan seeks an order from this Court that stays the state court probate proceeding and enjoins Judge Calhoun from taking any further action concerning the subject real property. Undoubtedly, Cohan's claims involve an order "uniquely in furtherance of the state courts' ability to perform their judicial functions," and it is thus barred by the *Younger* abstention doctrine. *Spring Commc'ns*, 571 U.S. at 72. Insofar as Cohan claims monetary damages from Judge Calhoun who is being sued in his official capacity, Judge Cohan is entitled to absolute immunity. *See Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).[2] For these additional reasons, Cohan's Amended Complaint is due to be dismissed.

The Court has also reviewed Cohan's *Motion for Leave to File Second Amended Complaint*. (*See* doc. 70.) The motion does not attach a proposed Second Amended Complaint. But the Court notes that Cohan proposes to "adopt by reference" the Amended Complaint, which is due to be dismissed for the reasons already stated, and attempts to add several new parties and claims. Two of those new parties (MIMS-IPR, LLC and Mitchell Mims) are already parties, or in privy with them, in the ongoing state court litigation. From all that appears, as applicable to those parties, Cohan's proposed claims against them appear to be of the type that are compulsory counterclaims in the state proceedings. *Blasland, Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1301 (11th Cir. 2002) ("A counterclaim is compulsory when it arises out of the same transaction or occurrence as the claim it is countering."); *see also Little Narrows, LLC v. Scott*, 1 So. 3d 973, 979 (Ala. 2008). And as to the claims in general, they suffer from the same deficiencies as the

---

[2] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Amended Complaint. Further, the referenced Second Amended Complaint, as Cohan describes it, certainly constitutes an improper shotgun pleading given its incorporation by reference language and its general failure to articulate "claims with sufficient clarity to allow" each defendant "to frame a responsive pleading." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). As such, allowing the proposed (but unattached Second Amended Complaint) would be futile. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (concluding that a district court has the discretion to deny a motion for leave to file an amended complaint when such amendment would be futile, i.e., the amended complaint would fail as a matter of law).

Accordingly, upon an independent and de novo review of the record, and for good cause, it is **ORDERED** as follows:

1. The Recommendation (doc. 69) is **ADOPTED;**

2. Plaintiff's Objection (doc. 73) is **OVERRULED**;

3. The *Motion to Dismiss Amended Complaint* (doc. 57) is **GRANTED**;

4. Plaintiff's *Motion for Leave to File Second Amended Complaint* (doc. 70) is **DENIED**;

5. Plaintiff's *Motion for Leave to Proceed In Forma Pauperis And Request For Service By United States Marshals* (doc. 71) is **DENIED** as moot; and,

6. A separate final judgment **SHALL** be entered.

**DONE**, on this the 19th day of February 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE